IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,    )
                             )
              Plaintiff,     )          8:14CR129
                             )
       v.                    )
                             )
WILLIAM L. GIENGER,          )          ORDER
                             )
              Defendant.     )
_____)
```

       This matter is before the Court on defendant's objections to the presentence investigation report (Filing No. 25). The United States of America filed a response to defendant's objection (Filing No. 27). After review of the briefs and the relevant law the Court will sustain the defendant's objections and find that the defendant is not a career offender for purposes of sentencing.

       The issue raised by the objection is whether the defendant's conviction for terroristic threats qualifies as a predicate "crime of violence" under U.S.S.G. § 4B1.2(a)(1). Crime of violence under U.S.S.G. § 4B1.2(a)(1) is defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that -- (1) has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." To determine whether a past conviction qualifies as a predicate crime of violation, courts

use a categorical approach. *See Descamps v. United States*, 133 S.Ct. 2276, 2281 (2013). Under the categorical approach courts "compare the elements of the statute forming the basis for the defendant's conviction with the elements of the 'generic' crime -- *i.e.*, the offense as commonly understood." *Id.* The defendant was convicted of violating Neb. Rev. Stat. § 28-311.01(1)(a), which provides that a person commits terroristic threats if he "threatens to commit any crime of violence: (a) With the intent to terrorize another." Since terroristic threats is not one of the specified offenses, it must involve the "threatened use of physical force" to qualify as a crime of violence. Under the elements of 28-311.01(1)(a), a conviction does not require that the defendant threatened the use of physical force. Therefore, the defendant's objections will be sustained.

IT IS ORDERED that the defendant's objection to the presentence investigation report shall be sustained. The Court finds that the defendant is not a career offender for purposes of sentencing.

DATED this 14th day of October, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court